OPINION
{¶ 1} Defendants-appellants, Fairfield Township and the city of Hamilton, appeal a decision of the Butler County Court of Common Pleas granting summary judgment in favor of *Page 2 
plaintiff-appellee, Graceworks Lutheran Services, in a declaratory judgment action involving annexation of property. We reverse the decision of the trial court.
 {¶ 2} Graceworks is the owner of approximately 186.2 acres of real property located in Fairfield Township, Ohio ("the property"). The property is situated directly adjacent to the city of Hamilton. When Graceworks expressed its wish to annex the property to the city of Hamilton, the city administration declined to cooperate for fear that by doing so it would violate a 1996 agreement between the city of Hamilton and Fairfield Township. This agreement, entitled the "Hamilton-Indian Springs Joint Economic Development District Contract" ("JEDD"), provided for the creation and operation of a joint economic development district in accordance with R.C. 715.72 to 715.81. The purpose was to facilitate commercial and economic development, create or preserve jobs, and improve economic welfare. The geographic area encompassed by the joint economic development district ("the district") rested entirely within Fairfield Township.
 {¶ 3} Under the JEDD, the city of Hamilton agreed not to accept any annexation petitions for any property located in Fairfield Township and not to assist Fairfield Township property owners in annexing their properties to the city of Hamilton or any other municipality. Graceworks was not a party to the JEDD, and had expressly declined to include its Fairfield Township property in the district. Nonetheless, the city of Hamilton feared that its acceptance of and participation in the annexation would violate the anti-annexation covenants in the JEDD. Fairfield Township also expressed that it would strongly oppose the annexation.
 {¶ 4} In April 2006, Graceworks filed a declaratory judgment action seeking a determination that annexation of the property to the city of Hamilton would not violate the terms of the JEDD because their land was not in the JEDD and because the annexation restriction was not authorized by law. A few months later, Graceworks moved to stay all *Page 3 
discovery and moved for summary judgment. The trial court granted both motions. Fairfield Township and the city of Hamilton timely appeal.
 {¶ 5} This court conducts a de novo review of a trial court's decision on summary judgment. Burgess v. Tackas (1998), 125 Ohio App.3d 294, 296. Summary judgment is proper where (1) there are no genuine issues of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can only come to a conclusion adverse to the nonmoving party, construing the evidence most strongly in that party's favor. Civ.R. 56(C). See, also, Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66.
 {¶ 6} The trial court's decision awarding summary judgment to Graceworks concluded that Fairfield Township did not have the statutory authority to restrict annexation of property outside the district when it executed the JEDD in 1996. The court also held that R.C. 709.192, a 2001 law authorizing such a restriction, could not be applied retroactively. The court also ruled that a 2004 amendment to the JEDD did not incorporate R.C. 709.192.
 {¶ 7} We find that the trial court improperly ruled on issues which were not yet in controversy, and therefore summary judgment was inappropriate. Graceworks failed to initiate the annexation process by filing a petition with the Butler County Board of Commissioners for annexation of the property to the city of Hamilton. Also, the legislative authority for the city of Hamilton had yet to act on the matter.
 {¶ 8} R.C. Chapter 709 governs the annexation of territory to a municipal corporation. The methods by which unincorporated territory contiguous to a municipality may be annexed to the municipality include (1) by the petition of landowners pursuant to R.C. 709.02 through709.12, and (2) by the petition of a municipal corporation pursuant to R.C. 709.13 through 709.21. Annexation by property owners must be made by a petition signed by a majority of *Page 4 
the owners and addressed to the board of county commissioners in the county in which the property is located. R.C. 709.02(B). The board of county commissioners conducts a public hearing, and thereafter renders its decision granting or denying the petition. R.C. 709.03(A); 709.032;709.033. The board's decision may be appealed to the court of common pleas. See, e.g., Thies v. City of Dayton (1978), Montgomery App. No. 5825, 1978 WL 216233.
 {¶ 9} If the board of county commissioners grants the petition, the next step in the process is for the legislative authority of the municipal corporation to which annexation is proposed to review the application for annexation. R.C. 709.04. The municipal legislative authority must then, by resolution or ordinance, accept or reject the annexation application. Id.
 {¶ 10} We observe that a municipal corporation acts exclusively by an affirmative vote of a majority of the members of its legislative authority. See R.C. 705.15.[1] Here, the refusal to cooperate in the annexation as expressed by the city administration of Hamilton did not amount to official action. Rather, in order to bind the municipality, Hamilton's City Council has to accept or reject an application for annexation.
 {¶ 11} The trial court incorrectly found that Graceworks was prevented from initiating the annexation petition due to the JEDD. Graceworks was not a party to the JEDD and its property was not located within the district. Graceworks was not prevented from filing its petition with the board of county commissioners by the JEDD's anti-annexation covenants. As provided by statute, the first step in the annexation process was for Graceworks to file a petition with the board of commissioners in the county in which the property was located.
 {¶ 12} Graceworks' failure to initiate the administrative process precluded the trial *Page 5 
court's ruling on the matter. Cf. Nemazee v. Mt. Sinai Med. Ctr. (1990),56 Ohio St.3d 109, 111. It is not until the proper administrative procedures have been followed that such a matter may be brought before the court of common pleas. See id. See, also, R.C. 307.56.
 {¶ 13} Graceworks contends that it was authorized to file this declaratory action based upon R.C. 2721.03, which provides the following:
 {¶ 14} "[A]ny person interested under a deed, will, written contract, or other writing constituting a contract or any person whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, municipal ordinance, township resolution, contract, or franchise may have determined any question of construction or validity arising under the instrument, constitutional provision, statute, rule, ordinance, resolution, contract, or franchise and obtain a declaration of rights, status, or other legal relations under it."
 {¶ 15} Ohio's declaratory judgment statues, while broad in scope, are not limitless. An actual, justiciable controversy must exist before a party may seek a declaration of rights, status, or other legal relations. As the Ohio Supreme Court explained:
 {¶ 16} "[I] n keeping with the long-standing tradition that a court does not render advisory opinions, they allow the filing of a declaratory judgment only to decide `an actual controversy, the resolution of which will confer certain rights or status upon the litigants.' Not every conceivable controversy is an actual one. * * * [I] n order for a justiciable question to exist, `[t]he danger or dilemma of the plaintiff must be present, not contingent on the happening of hypothetical future events * * * and the threat to his position must be actual and genuine and not merely possible or remote.'"Mid-American Fire Cas. Co. v. Heasley, 113 Ohio St.3d 133,2007-Ohio-1248, ¶ 9. (Citations omitted.) See, also, State ex rel.Gelesh v. State Medical Bd. of Ohio, 172 Ohio App.3d 365,2007-Ohio-3328. *Page 6 
 {¶ 17} In the present matter, the Butler County Board of Commissioners did not have the opportunity to grant or deny an annexation petition filed by Graceworks. Nor did the Hamilton City Council have the opportunity to accept or reject the proposed annexation. Graceworks merely sought a declaration on a hypothetical future event. As a result, there was no actual controversy and the issues presented to the trial court were nonjusticiable. The trial court's decision was therefore an impermissible advisory opinion. See State ex rel. Strategic CapitalInvestors, Ltd. v. McCarthy (1998), 126 Ohio App.3d 237, 250.
 {¶ 18} We conclude that Graceworks was not entitled to seek a declaratory judgment in an original action. We do not reach the assignments of error raised by Fairfield Township and the city of Hamilton as a result of the trial court's premature decision on the matter.
 {¶ 19} Judgment reversed.
YOUNG, P.J. and BRESSLER, J., concur.
[1] R.C. 705.15 provides that "[t]he affirmative vote of a majority of the members of the legislative authority is necessary to adopt any motion, ordinance, or resolution, and on the passage of every ordinance or resolution the vote shall be taken by `yeas' and `nays' and entered upon the journal."