[Cite as *Cristino v. Ohio Bur. of Workers' Comp.*, 2012-Ohio-1242.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PIETRO CRISTINO

    Plaintiff

    v.

OHIO BUREAU OF WORKERS' COMPENSATION

    Defendant

Case No. 2008-10773

Judge Joseph T. Clark

## ENTRY GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

{¶1} On November 1, 2011, defendant filed a motion for judgment on the pleadings as to plaintiff's claim for declaratory relief.[1] On November 29, 2011, with leave of court, plaintiff filed both a response and a motion to remand this case to the Cuyahoga County Court of Common Pleas.[2]

{¶2} Defendant argues that plaintiff's sole remaining claim for declaratory relief fails as a matter of law inasmuch as no real controversy or justiciable issue exists between the parties. Plaintiff argues that this court lacks jurisdiction over his equitable claim for declaratory relief inasmuch as a judgment has been granted as to his claims

---

[1]Plaintiff initially commenced this action on June 22, 2001, against defendant in the Cuyahoga County Court of Common Pleas. Plaintiff's motion for class certification was granted and defendant appealed, eventually, to the Supreme Court of Ohio. *Cristino v. Ohio Bur. of Workers' Comp.*, 118 Ohio St.3d 151, 2008-Ohio-2013. The Supreme Court of Ohio held that Cristino's complaint, alleging claims virtually identical to those made herein, did not state a claim for relief within the jurisdiction of the Cuyahoga County Court of Common Pleas. Id. at ¶1. In other words, "upon further review" the court determined that Cristino's claim for breach of contract was within the exclusive, original jurisdiction of the Court of Claims. Id. at ¶15-16. On November 10, 2008, plaintiff filed his complaint in this case asserting claims of breach of contract and declaratory relief.

[2]Defendant's December 8, 2011 motion for leave to file a reply brief is GRANTED instanter.

for monetary relief.[3] Accordingly, plaintiff moves the court for a remand of this case to the Cuyahoga County Court of Common Pleas.

{¶3} Under R.C. 2743.03(A), the equitable jurisdiction of the Court of Claims is limited as follows:

{¶4} "(1) There is hereby created a court of claims. The court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code * * *.

{¶5} "(2) If the claimant in a civil action as described in division (A)(1) of this section also files a claim for a declaratory judgment, injunctive relief, or other equitable relief against the state that arises out of the same circumstances that gave rise to the civil action described in division (A)(1) of this section, the court of claims has exclusive, original jurisdiction to hear and determine that claim in that civil action. This division does not affect, and shall not be construed as affecting, the original jurisdiction of another court of this state to hear and determine a civil action in which the sole relief that the claimant seeks against the state is a declaratory judgment, injunctive relief, or other equitable relief."

{¶6} Inasmuch as plaintiff's claim for breach of contract is within the exclusive original jurisdiction of the court of claims, plaintiff's request for declaratory relief also falls within the court's jurisdiction. Plaintiff argues that once the court determined that his claim for breach of contract was barred by the statute of limitations, the court was divested of jurisdiction to consider his request for declaratory relief. The court disagrees.

---

[3]On July 7, 2009, the court dismissed plaintiff's claims of breach of fiduciary duty, fraud, unjust enrichment, violation of constitutional and statutory rights, and request for injunctive relief. On October 21, 2011, the court granted defendant's motion for summary judgment as to plaintiff's claim for breach of contract.

{¶7} Once this court obtains jurisdiction of a case, the court retains jurisdiction to determine the merits of all claims asserted therein, whether they be legal or equitable. Otherwise, the court's jurisdiction of equitable claims would be illusory - once the court disposed of the legal claims against the state, the court would be divested of jurisdiction to consider any equitable claims that arose out of the same circumstances that gave rise to the legal claim.

{¶8} With regard to plaintiff's request for a remand, the court's discretionary authority to remand a case to another court arises only in cases of removal. Indeed, R.C. 2743.03(E)(2) provides in relevant part: "The court may remand a civil action to the court in which it originated upon a finding that the removal petition does not justify removal, or upon a finding that the state is no longer a party." Plaintiff commenced this action in the court of claims. Therefore, the court has no power to remand the case to the Cuyahoga County Court of Common Pleas or any other court. Plaintiff's motion is DENIED.

{¶9} Turning to defendant's motion for judgment on the pleadings, Civ.R. 12(C) states: "After the pleadings are closed but within such times as not to delay the trial, any party may move for judgment on the pleadings." A motion for judgment on the pleadings presents only questions of law and it may be granted only where no material factual issues exist and when the moving party is entitled to judgment as a matter of law. *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 165-166. "Pursuant to Civ.R. 12(C), the pleadings must be construed liberally and in a light most favorable to the party against whom the motion is made along with the reasonable inferences drawn therefrom." *Burnside v. Leimbach* (1991), 71 Ohio App.3d. 399, 402.

{¶10} According to his complaint, plaintiff was an employee of Madias Brothers Painting Company, Inc., located in Cuyahoga County, Ohio. During the course of his employment, plaintiff suffered various workplace injuries. As a result, plaintiff applied for and was granted awards of workers' compensation. On April 3, 1994, defendant granted plaintiff permanent total disability (PTD) benefits, which entitled him to receive

monthly disability benefits for the rest of his life in accordance with R.C. 4123.58(A). At some point thereafter, an employee of defendant contacted plaintiff and informed him that defendant was interested in "settling" his PTD claim. Defendant then advised plaintiff that based upon his statistical life expectancy, his PTD claim had a present value of $115,000. In reliance upon defendant's representations, plaintiff accepted defendant's valuation of the claim, accepted defendant's payment of the amount, and executed releases supplied by defendant. Plaintiff's only remaining claim is for declaratory relief. Plaintiff seeks a declaration of the parties' rights under the settlement agreement; specifically, that plaintiff has yet to receive the "actual present value" of his PTD claims.

{¶11} In order for a party to bring an action for declaratory judgment there must be (1) a real controversy between the parties; (2) which is justiciable in character; and (3) speedy relief is necessary to preserve the rights of the parties. *Wilson v. Collins*, Franklin App. No. 10AP-511, 2010-Ohio-6538, ¶8, citing *State ex rel. Gelesh v. State Med. Bd. of Ohio*, 172 Ohio App.3d 365, 2007-Ohio-3328, ¶7. "Moreover, two criteria must be met in order for a justiciable issue to exist: 1) plaintiff must have a right or duty owing by the defendant; and 2) the denial of plaintiff's right or duty by defendant must be a present event and not a hypothetical future event." *Schaub v. Div. of State Hwy. Patrol* (Mar. 5, 1996), Franklin App. No. 95APE08-1107, citing *Driskill v. City of Cincinnati* (1940), 66 Ohio App. 372.

{¶12} The court has determined that plaintiff cannot recover damages for the breach of the parties' settlement agreement inasmuch as any such claim is barred by the statute of limitations. Thus, any declaration by this court of the respective rights and duties of the parties pursuant to the agreement would be purely advisory. Id., citing *Cincinnati Met. Housing Auth. v. Union* (1969), 22 Ohio App.2d 39.

{¶13} Based upon the foregoing, defendant's motion for judgment on the pleadings is GRANTED and judgment is rendered in favor of defendant. Court costs

are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
JOSEPH T. CLARK
Judge

cc:

Alexander E. Goetsch
Max E. Dehn
Ronald D. Holman II
Special Counsel to Attorney General
1300 East Ninth Street, 20th Floor
Cleveland, Ohio 44114

Emily M. Simmons
Randall W. Knutti
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Frank L. Gallucci III
55 Public Square, Suite 2222
Cleveland, Ohio 44113

Mark E. Mastrangelo
Assistant Attorney General
Workers' Compensation Section
State Office Bldg.
615 West Superior Avenue, 11th Floor
Cleveland, Ohio 44113-1899

Patsy A. Thomas
Assistant Attorney General
Workers' Compensation Section
150 East Gay Street, 22nd Floor
Columbus, Ohio 43215-3130

Paul W. Flowers
Terminal Tower, 35th Floor
50 Public Square
Cleveland, Ohio 44113-1901

W. Craig Bashein
Terminal Tower, 35th Floor
50 Public Square
Cleveland, Ohio 44113-2216

GWP/dms
Filed January 9, 2012
To S.C. reporter March 23, 2012