[Cite as *Polisetty v. State Med. Bd. of Ohio*, 2015-Ohio-5278.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Sudhir Sitaram Polisetty, M.D., | : | |
| Appellant-Appellant, | : | |
| | | No. 15AP-482 |
| v. | : | (C.P.C. No. 14CV-11929) |
| State Medical Board of Ohio, | : | (REGULAR CALENDAR) |
| Appellee-Appellee. | : | |

D E C I S I O N

Rendered on December 17, 2015

*Dinsmore & Shohl, LLP*, *Eric J. Plinke* and *Daniel S. Zinsmaster*, for appellant.

*Michael DeWine*, Attorney General, *James T. Wakley* and *Melinda Ryans Snyder*, for appellee.

ON MOTION TO DISMISS

KLATT, J.

{¶ 1} Appellee, the State Medical Board of Ohio, permanently revoked the license to practice medicine previously held by appellant, Dr. Sudhir Sitaram Polisetty. Dr. Polisetty appealed the revocation, and the Franklin County Court of Common Pleas affirmed. Dr. Polisetty filed his notice of appeal to this court on May 8, 2015. Dr. Polisetty's counsel then filed a suggestion of death pursuant to App.R. 29 indicating that Dr. Polisetty died on October 14, 2015. The state now moves to dismiss the appeal as moot.

{¶ 2} Counsel for Dr. Polisetty opposes dismissal on the grounds that the appeal is not moot because the matter can still be reversed on appeal and remanded to the medical board to afford Dr. Polisetty the opportunity for posthumous "vindication."

Memorandum contra, at 3. In the alternative, counsel argues that if we do dismiss the appeal we must nonetheless vacate all underlying administrative determinations, including the license revocation, because the situation is analogous to one in which a criminal conviction abates due to the death of the defendant during the course of his direct criminal appeal as of right. The state argues to the contrary that the doctrine of abatement should not apply because these are not criminal proceedings, there are no sentencing implications arising from a license revocation, and the medical board cannot reinstate the license of a deceased individual.

{¶ 3} We agree with the state that the present appeal is moot and must be dismissed. We also agree with the state that the doctrine of abatement does not apply to medical board license revocation proceedings.

{¶ 4} It is a standing principle that Ohio courts should not entertain jurisdiction over cases that do not present an actual controversy. *Tschantz v. Ferguson*, 57 Ohio St.3d 131, 133 (1991). "If, while an action is pending, an event occurs that renders it impossible for a court to grant any effectual relief, the court will generally dismiss the action." *Ridgeway v. State Med. Bd. of Ohio*, 10th Dist. No. 06AP-1197, 2007-Ohio-5657, ¶ 11, citing *Tschantz.* An action is moot when it involves no genuine justiciable controversy upon which the court can render a decision that affects the existing legal relations between the parties. *Lingo v. Ohio Cent. RR., Inc.*, 10th Dist. No. 05AP-206, 2006-Ohio-2268, ¶ 20.

{¶ 5} We find that this appeal is now moot. Even if the appeal were to proceed to a favorable conclusion, we doubt that the medical board has it within its power to restore the late Dr. Polisetty to the practice of medicine. Nor do we entertain the notion that the medical board upon remand could formally act to restore Dr. Polisetty's good name and reputation, and thereby "vindicate" him in any way.

{¶ 6} The medical board exists to regulate the practice of medicine by enforcing standards for the conduct of physicians and other health care personnel. R.C. 4731.01 et seq. Pursuant to this statutory mandate, the board issues certificates to practice medicine or surgery under R.C. 4731.14, and renders discipline, up to and including revocation of such certificates, under R.C. 4731.22. While the board's disciplinary actions may have a collateral impact upon the reputation of those concerned, there is no provision for taking

express and effective action in this regard beyond the board's licensure powers.  In sum, the board is not in the business of protecting reputations, but of granting and revoking medical licenses, credentials that it manifestly could no longer offer Dr. Polisetty.  This court, even in the event of reversal, could only perform a vain act, and therefore we must dismiss the appeal.

{¶ 7}  We next consider the effect of that dismissal upon past proceedings in the matter. The doctrine of abatement proposes that, because the direct appeal of a felony conviction is an indispensable component of that conviction's validity, the death of a defendant in the course of his direct appeal as of right nullifies the original criminal conviction. *See generally* Cavallaro, *Better Off Dead: Abatement, Innocence, and the Evolving Right of Appeal*, 73 U. of Colo. L. Rev. 943, 2002.  The rule is consistently applied in the federal judiciary and accepted in some form by the majority of states.  *Id.* at 943; *Durham v. United States*, 401 U.S. 481, 483 (1971) (doctrine of abatement provides that death of defendant during pendency of direct appeal as of right nullifies all aspects of the prosecution from its inception), overruled on other grounds, *Dove v. United States*, 423 U.S. 325 (1976).  "This principle applies only while appeals of right are pending; the Supreme Court draws the line at petitions for a writ of certiorari, which are simply dismissed upon the death of a petitioner."  *United States v. Volpendesto*, 755 F.3d 448, 452 (2014), citing *Dove*.  *See also State v. Liddy*, 11th Dist. No. 2010-L-135, 2011-Ohio-5856 (abatement does not operate to vacate underlying conviction when defendant dies during appeal from denial of post-conviction relief).

{¶ 8}  Ohio is among the plurality of states whose courts have adopted the more comprehensive form of the abatement doctrine.  In *State v. McGettrick*, 31 Ohio St.3d 138 (1987), syllabus, the Supreme Court defined the rule as applied in Ohio:

> When a criminal defendant-appellant dies while his appeal is pending and, subsequently, within a reasonable time, a personal representative of the decedent is appointed, that representative may be substituted as a party on motion by the decedent's representative or the state under the then existing style of the case, and the court of appeals shall proceed to determine the appeal. Absent such a motion, filed within a reasonable time by the state, for substitution of a party, the court of appeals may dismiss the appeal as moot, vacate the original judgment of conviction and dismiss all related criminal proceedings, including the original indictment.

{¶ 9}   As a question of first impression, we hold that the doctrine of abatement as articulated in *McGettrick* does not apply to medical board revocation proceedings. *McGettrick* is by its own language applicable only to criminal proceedings; board proceedings can be disciplinary in nature, but they are not criminal and do not result in a "conviction" that should be nullified or vacated.  "A medical disciplinary proceeding is a special statutory proceeding," *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 623 (1993), and disciplinary proceedings before the board "are akin to civil actions." *State ex rel. Gelesh v. State Med. Bd. of Ohio*, 172 Ohio App.3d 365, 2007-Ohio-3328 (10th Dist.). This is evidenced by the fact that both the initial proceedings before the board and any subsequent appeals are conducted under R.C. Chapter 119, and the provisions of that chapter repeatedly refer to such actions as civil.  *Id.*, citing R.C. 119.12 (common pleas court will give priority to administrative appeals over "all other civil actions").  We find no authority that allows us to extend the doctrine of abatement to such non-criminal proceedings, which are at best "law enforcement matters of an administrative nature." *State ex rel. Mahajan v. State Med. Bd. of Ohio*, 127 Ohio St.3d 497, 2010-Ohio-5995, ¶ 29 (addressing public records availability of disciplinary proceedings).

{¶ 10} For the foregoing reasons, we dismiss the present appeal as moot and leave undisturbed the determinations of the court of common pleas and the medical board that preceded the appeal.

*Appeal dismissed.*

BROWN, P.J., and TYACK, J., concur.

———————————