OHIO DEPARTMENT OF JOB & FAMILY SERVICES, Appellant,

v.

LIFEWAY FOR YOUTH, INC., Appellee.

[Cite as *Ohio Dept. of Job & Family Servs. v. Lifeway for Youth, Inc.*, 173 Ohio App.3d 648, 2007-Ohio-6183.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 07AP–458.

Decided Nov. 20, 2007.

Marc Dann, Attorney General, and Tracy M. Greuel and Denise Pleska, Assistant Attorneys General, for appellant.

Vorys, Sater, Seymour & Pease, L.L.P., G. Ross Bridgman, Lisa Pierce Reisz, Peter A. Lusenhop, and Melissa J. Mitchell, for appellees.

TYACK, Judge.

{¶ 1} This appeal concerns the statutory authority of the Ohio Department of Job and Family Services ("ODJFS") to regulate private, noncustodial foster care agencies entrusted to place abused, abandoned, and neglected children into temporary homes. Appellee Lifeway for Youth, Inc. is one such entity, having been certified by ODJFS since 1994. On February 19, 2007, a Lifeway foster parent was convicted of murdering her Lifeway-placed child and, in October 2006, another Lifeway parent was charged with rape and gross sexual imposition of two boys placed in his care by Lifeway. As a result of these and other serious incidents, ODJFS began administrative proceedings to revoke Lifeway's certification. In addition, and in a separate proceeding, ODJFS petitioned the court of common pleas for an order preventing Lifeway from placing any more children into foster homes. Despite the seriousness of the charges, the trial court

believed that ODJFS lacked evidence, and granted Lifeway's motion for directed verdict. The court also enjoined ODJFS from moving forward with the pending certification-revocation proceedings. Under Ohio law, ODJFS has exclusive jurisdiction over certification of agencies such as Lifeway. Thus, to the extent the trial court attempted to divest ODJFS of its statutory authorities, we reverse the decision of the trial court.

{¶ 2} ODJFS presents two assignments of error for our consideration:

[I.] The trial court erred as a matter of law when it entered a directed verdict for Lifeway for Youth, Inc., and declared that the Ohio Department of Job and Family Services lacked jurisdiction over the administrative controversy between the parties.

[II.] The trial court abused its discretion by denying the petition requesting that children be removed from Lifeway's care and that no additional children be received into Lifeway's care pending the conclusion of the administrative certification–revocation proceedings.

{¶ 3} The first alleged error primarily attacks the injunctive portion of the trial court's order by arguing that R.C. 5103.03 gives ODJFS exclusive jurisdiction over certification and recertification of institutions such as Lifeway. For the reasons below, we sustain the first assignment of error.

{¶ 4} The Supreme Court of Ohio holds that in circumstances where the General Assembly has enacted a "complete and comprehensive statutory scheme" governing review by an administrative agency, that agency is vested with exclusive jurisdiction over those matters. *Kazmaier Supermarket, Inc. v. Toledo Edison Co.* (1991), 61 Ohio St.3d 147, 153, 573 N.E.2d 655. The fact that a state agency has such broad, exclusive jurisdiction over its own matters, however, does not diminish the common pleas court's jurisdiction to review agency determinations to the extent allowed by statute. *Id.* at 154, 573 N.E.2d 655.

{¶ 5} The certification procedures at issue here are set forth in R.C. 5103.03:

(B)(2) When [ODJFS] is satisfied as to the care given * * * and that the requirements of the statutes and rules covering management of such institutions * * * are being complied with, [ODJFS] shall issue * * * a certificate to that effect.

* * *

(C) [ODJFS] may revoke a certificate if it finds that the institution or association is in violation of law or rule. No juvenile court shall commit a child to an * * * institution that is required to be certified under this section if its certificate has been revoked or, if after revocation, the date of reissue is less than fifteen months prior to the proposed commitment.

{¶ 6} Title 51 of the Revised Code is entirely devoted to regulating public welfare, and Chapter 5103 is entirely devoted to establishing ODJFS and placing children into temporary homes. More specifically, R.C. 5103.03 grants ODJFS extremely broad discretion over the certification process. Indeed, subject to the administrative appeal procedures in R.C. 119.12, ODJFS's powers with regard to subordinate agency certification are nearly limitless. Taken as a whole, these statutes constitute a "comprehensive statutory scheme" that demonstrates the General Assembly's intent to vest ODJFS with exclusive jurisdiction over foster-care placement.

{¶ 7} In this case, ODJFS instituted administrative action against Lifeway based on numerous complaints and allegations of abuse arising out of Lifeway's placements, including the murder of three-year-old Marcus Fiesel and the rape of two other boys. In addition to exercising its statutory authority to revoke Lifeway's certification, ODJFS filed a petition in the court of common pleas that, for all intents and purposes, is similar to a temporary restraining order. See R.C. 5103.03(I). The trial judge was not satisfied with the quantity or quality of evidence in support of the petition. Instead of simply denying the petition, however, the judge decided the entire matter on its merits and, in doing so, issued an order precluding ODJFS from continuing with the administrative certification revocation that was already pending. The petition in the common pleas court and the administrative certification revocation by ODJFS are separate and independent actions, and the statute does not give the court jurisdiction to enjoin ODJFS from continuing with its proceedings any more than the statute grants ODJFS the authority to rule on motions before the courts. Thus, the trial judge erred by attempting to divest ODJFS of its administrative, statutory authority. We therefore sustain the first assignment of error to that extent.

{¶ 8} The second assignment of error focuses only on the court's refusal to grant ODJFS's petition to remove children from Lifeway's custody. The petition procedure is also governed by R.C. 5103.03, which provides:

(I) If both of the following are the case, the director of [ODJFS] may petition the court of common pleas * * * for an order, and the court may issue an order, preventing the institution or association from receiving additional children into its care or an order removing children from its care:

(1) [ODJFS] has evidence that the life, health, or safety of one or more children in the care of the institution or association is at imminent risk.

(2) [ODJFS] has issued a proposed adjudication order pursuant to Chapter 119 of the Revised Code to deny renewal of or revoke the certificate of the institution.

{¶ 9} The issue concerning the petition differs from the one concerning the re-certification insofar as the statute places discretion in the former with the

common pleas court. The trial judge here believed that ODJFS did not support its petition with sufficient evidence and thus refused to grant the petition. Despite the fact that the evidentiary burden R.C. 5103.03(I) places on ODJFS is minimal, the statute does require some evidence nonetheless. Our purpose is not to substitute our own judgment for that of the trial court. See, e.g., *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (limiting appellate court review over administrative agency appeals from the common pleas courts). Our review of the trial court's decision to deny ODJFS's petition is limited to whether the trial judge abused his discretion. See id.; see also *Ohio Assn. of Pub. School Emp., Local 530 v. State Emp. Relations Bd.* (2000), 138 Ohio App.3d 832, 837, 742 N.E.2d 696. An abuse of discretion is more than an error in law or judgment; rather, it implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *George v. Ohio Dept. of Human Servs.* (2001), 145 Ohio App.3d 681, 686, 763 N.E.2d 1261 (citing *Marks v. C.P. Chem. Co.* (1987), 31 Ohio St.3d 200, 31 OBR 398, 509 N.E.2d 1249, syllabus). Applying that standard, we cannot reverse the trial judge's decision not to grant ODJFS's petition.

■ {¶ 10} R.C. 5103.03 states that the trial court may grant ODJFS's petition if ODJFS has evidence that a child in Lifeway's care is in jeopardy of imminent harm. Arguably, the murder conviction and sexual abuse charges against Lifeway parents could have been the basis for an inference that children were in such danger, but the trial court was not required to draw that inference. R.C. 5103.03(I) does not require the court to grant a petition even when evidence is present. If the legislature had intended to do so, they would have said the trial court "shall" grant ODJFS's petition (not "may"). The trial judge was apparently affected by the fact that ODJFS "declined to offer any additional evidence of the alleged administrative violations" that were the basis of the petition. R.C. 5103.03(I) does not require ODJFS to offer a specific quantum of evidence and leaves the discretion to grant or deny the petition in the hands of the trial courts. We cannot hold that the trial court abused its discretion in this case where only past conduct is alleged and no additional proof of current conditions is offered.

{¶ 11} The second assignment of error is overruled.

{¶ 12} In summary, we sustain the first assignment of error and overrule the second assignment of error. We vacate the portion of the trial court's order enjoining ODJFS from its scheduled recertification proceedings involving Lifeway. The case is hereby remanded to the Franklin County Court of Common Pleas for further proceedings.

Judgment accordingly.

PETREE and MCGRATH, JJ., concur.