[Cite as *Highland Tavern, L.L.C. v. DeWine*, 2021-Ohio-4067.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Highland Tavern, LLC, et al., | : | |
| Plaintiffs-Appellants, | : | No. 21AP-176 |
| | | (C.P.C. No. 20CV-7681) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Michael DeWine, Governor of the State of Ohio, et al., | : | |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on November 16, 2021

**On brief:** *Law Offices of Warner Mendenhall, Warner Mendenhall, Brian Unger,* and *Logan Trombley*, for appellants. **Argued:** *Warner Mendenhall.*

**On brief:** *Dave Yost*, Attorney General, *Bridget C. Coontz,* and *Joseph E. Schmansky*, for appellees. **Argued:** *Joseph E. Schmansky.*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Plaintiffs-appellants, Highland Tavern, LLC and Highland Square Tavern, LLC, appeal from a decision and entry of the Franklin County Court of Common Pleas granting the motion to dismiss of defendants-appellees, Michael DeWine, in his official capacity as Governor of the State of Ohio, Ohio Liquor Control Commission, Deborah Pryce, in her official capacity as Chairman of the Ohio Liquor Control Commission, James E. Carnes, in his official capacity as Vice Chairman of the Ohio Liquor Control Commission, and Mike Stinziano, in his official capacity as Member of the Ohio Liquor Control Commission. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2}   In July 2020, as part of the ongoing response to the COVID-19 pandemic, Governor DeWine issued an executive order allowing the Liquor Control Commission to suspend normal rule-making procedures and pass emergency rules related to COVID-19. The Liquor Control Commission then enacted Ohio Adm.Code 4301:1-1-80 ("Rule 80") as an emergency rule, prohibiting the sale of alcohol after 10:00 p.m. at liquor permit establishments in Ohio.   Both the Governor's executive order and Rule 80 expired on November 29, 2020, 120 days from their issuance.

{¶ 3}   Highland Tavern is the holder of a class D-1, D-2, D-3, D-3a, and D-6 liquor permit.  Highland Square Tavern owns and operates Highland Tavern, located in Akron. While Rule 80 was in effect, Highland Tavern received citations for violating Rule 80 three times during the month of August 2020.  During that same time frame, Highland Tavern also received a citation for a violation of Ohio Adm.Code 4301:1-1-52 ("Rule 52"), governing improper conduct and disorderly activities.

{¶ 4}   Highland Tavern appealed the three citations, and the Liquor Control Commission conducted a September 8, 2020 hearing on each of the three citations. Following the hearing, the Liquor Control Commission found Highland Tavern to be in violation of Rule 80 and Rule 52 and revoked its liquor permit, effective October 2, 2020. Highland Tavern appealed the revocation of its permit to the trial court pursuant to the procedures set forth in R.C. Chapter 119 in Franklin C.P. No. 20CV-6447.

{¶ 5}   On November 25, 2020, while the administrative appeal was still pending and four days before Rule 80's expiration date, appellants filed the instant complaint seeking (1) a declaration that Rule 80 is unconstitutional as violative of both the separation of powers doctrine of the Ohio Constitution and substantive due process rights under the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution, and (2) injunctive relief "to prevent further harm."  (Compl. at 12.)  That same day, appellants filed a motion for temporary restraining order and preliminary injunction restraining and enjoining the Liquor Control Commission from revoking Highland Tavern's liquor permit.  Appellees filed a memorandum in opposition to the motion for temporary restraining order and preliminary injunctive relief on November 30,

2020. Additionally, appellees filed a motion to consolidate the action with the pending administrative appeal in Franklin C.P. No. 20CV-6447.

{¶ 6} Subsequently, on January 4, 2021, appellees filed a motion to dismiss pursuant to Civ.R. 12(B)(1) and 12(B)(6). Appellees argued the trial court lacked jurisdiction to grant declaratory and injunctive relief over matters committed to special statutory proceedings. Further, appellees argued appellants failed to state a claim for declaratory judgment. Appellants filed a memorandum contra the motion to dismiss on January 19, 2021, and appellees filed a reply in support of their motion on January 26, 2021.

{¶ 7} In a March 31, 2021 decision and entry, the trial court granted appellees' motion to dismiss. The trial court found it lacked jurisdiction over the claims because Highland Tavern was seeking to bypass the special statutory proceeding governing the revocation of a liquor permit. In the alternative, the trial court found that appellants' complaint failed to state a claim under Civ.R. 12(B)(6) because any declaratory judgment in appellants' favor would not terminate the uncertainty or controversy related to the propriety of Highland Tavern's liquor permit revocation. Having granted appellees' motion to dismiss, the trial court found appellees' November 30, 2020 motion to consolidate was moot.[1] Appellants timely appeal.

## II. Assignments of Error

{¶ 8} Appellants assign the following errors for our review:

[1.] The trial court erred in granting Appellees' motion under Civ.R. 12(B)(6).

[2.] The trial court erred in granting Appellees' motion under Civ.R. 12(B)(1).

For ease of discussion, we address appellants' assignments of error out of order.

## III. Second Assignment of Error – Dismissal Pursuant to Civ.R. 12(B)(1)

{¶ 9} In their second assignment of error, appellants argue the trial court erred in granting appellees' motion to dismiss pursuant to Civ.R. 12(B)(1). More specifically,

---

[1] We note appellees also filed a substantially similar motion to consolidate in Franklin C.P. No. 20CV-6447, and the trial court in the administrative appeal denied the motion to consolidate in a January 29, 2021 journal entry.

appellants argue the trial court erroneously determined it lacked jurisdiction to hear the case.

{¶ 10} Civ.R. 12(B)(1) permits dismissal where the trial court lacks jurisdiction over the subject matter of the litigation. *Guillory v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 07AP-861, 2008-Ohio-2299, ¶ 6. Subject-matter jurisdiction involves a court's power to hear and decide a case on the merits. *Lowery v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-730, 2015-Ohio-869, ¶ 6, citing *Vedder v. Warrensville Hts.*, 8th Dist. No. 81005, 2002-Ohio-5567, ¶ 14. In deciding a Civ.R. 12(B)(1) motion, a court must dismiss for lack of subject-matter jurisdiction if the complaint fails to allege any cause of action cognizable in the forum. *Brown v. Levin*, 10th Dist. No. 11AP-349, 2012-Ohio-5768, ¶ 14. An appellate court reviews a trial court's decision on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction under a de novo standard of review. *Pankey v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 13AP-701, 2014-Ohio-2907, ¶ 7.

{¶ 11} A declaratory judgment action is a civil action that provides a remedy in addition to other legal and equitable remedies that may be available. *Burge v. Ohio Atty. Gen.*, 10th Dist. No. 10AP-856, 2011-Ohio-3997, ¶ 7, citing *Victory Academy of Toledo v. Zelman*, 10th Dist. No. 07AP-1067, 2008-Ohio-3561, ¶ 8. The purpose of the Declaratory Judgments Act, codified at R.C. Chapter 2721, is "to settle and afford relief from uncertainty and insecurity with respect to rights, status and other legal relations," and courts are to liberally construe and administer it. *One Energy Ents., LLC v. Ohio Dept. of Transp.*, 10th Dist. No. 17AP-829, 2019-Ohio-359, ¶ 30, citing *Swander Ditch Landowners' Assn. v. Joint Bd. of Huron & Seneca Cty. Commrs.*, 51 Ohio St.3d 131, 134 (1990). A party seeking declaratory judgment must demonstrate (1) a real controversy exists between the parties, (2) the controversy is justiciable in character, and (3) speedy relief is necessary to preserve the rights of the parties. *Burge* at ¶ 7, citing *Walker v. Ghee*, 10th Dist. No. 01AP-960, 2002 Ohio App. LEXIS 252 (Jan. 29, 2002).

{¶ 12} As a general matter, a court of common pleas has jurisdiction to issue a declaratory judgment regarding a question of the construction or validity of a statute and to declare rights, status, and other legal relations under it. *State ex rel. Gelesh v. State Med. Bd. of Ohio*, 172 Ohio App.3d 365, 2007-Ohio-3328, ¶ 24 (10th Dist.). However, "it is well-established that declaratory judgment actions are inappropriate where special statutory

proceedings would be bypassed." *State ex rel. CannAscend Ohio, LLC v. Williams*, 10th Dist. No. 18AP-820, 2020-Ohio-359, ¶ 30. " '[I]t is always inappropriate for courts to grant declaratory judgments and injunctions that attempt to resolve matters committed to special statutory proceedings, [and] their decisions should always be reversed on appeal, except when they dismiss the actions.' " *Id.*, quoting *State ex rel. Albright v. Court of Common Pleas of Delaware Cty.*, 60 Ohio St.3d 40, 42 (1991). Thus, a court lacks subject-matter jurisdiction to hear a declaratory judgment action where the issue is a matter committed to a special statutory proceeding. *Id.*, citing *Albright* at 42 (where the subject of a declaratory judgment and injunction attempts to resolve a matter committed to special statutory proceedings, "courts have no jurisdiction to hear the actions in the first place").

{¶ 13} "Ohio courts have consistently held that 'where the General Assembly has enacted a complete and comprehensive statutory scheme governing review by an administrative agency, exclusive jurisdiction is vested within such agency.' " *CannAscend* at ¶ 33, quoting *Kazmaier Supermarket v. Toledo Edison Co.*, 61 Ohio St.3d 147, 153 (1991). Appellees assert, and the trial court found, that the trial court lacked subject-matter jurisdiction because Highland Tavern's declaratory judgment seeks to bypass the statutory scheme governing the revocation of liquor permits.

{¶ 14} Under R.C. 4301.03(A), the Liquor Control Commission may adopt "rules governing the procedure of the division of liquor control in the suspension, revocation, and cancellation of [liquor] permits." Further, R.C. 4301.25(A) grants the Liquor Control Commission the power to "suspend or revoke any permit * * * for the violation of * * * any lawful rule of the commission." Additionally, R.C. 4301.04(B) grants the commission the power to hear and determine "all complaints for the revocation of permits." R.C. 4301.27 provides for a hearing for the permit holder before the Liquor Control Commission. Finally, a permit holder may appeal from a Liquor Control Commission decision revoking its liquor permit and seek judicial review pursuant to R.C. Chapter 119. *See, e.g., F & F, Inc. v. Ohio Liquor Control Comm.*, 10th Dist. No. 03AP-914, 2004-Ohio-5259, ¶ 11. Thus, the General Assembly has provided a special statutory proceeding applicable to the revocation of liquor permits. *See Gelesh* at ¶ 26 (finding a medical disciplinary proceeding under R.C. Chapter 4731 and R.C. Chapter 119 constitutes a special statutory proceeding, so appellant's claim for declaratory relief was "an improper attempt to bypass the special statutory procedures

governing physician discipline"); *CannAscend* at ¶ 41, 45 (finding General Assembly enacted a "complete and comprehensive statutory scheme" governing licensure actions under the Medical Marijuana Control Program, and noting "[t]his Court has consistently held that an adjudicatory hearing under R.C. Chapter 119 is a special statutory proceeding").

{¶ 15} Having found there exists a special statutory proceeding applicable to the revocation of liquor permits, the timing of appellants' complaint for declaratory judgment is also relevant in determining whether the subject of the declaratory judgment action is a matter committed to the special statutory proceeding. Here, appellants were already engaged in the administrative review process related to the revocation of their liquor permit when they filed the instant action for declaratory relief. This court has found that where a plaintiff is already participating in the administrative process at the time it seeks a declaratory judgment on matters related to the administrative proceedings, the declaratory judgment is an "attempt[] to bypass the applicable statutory proceedings." *One Energy Ents.* at ¶ 49, citing *Arbor Health Care Co. v. Jackson*, 39 Ohio App.3d 183 (10th Dist.1987), and *Fairview Gen. Hosp. v. Fletcher*, 63 Ohio St.3d 146 (1992); *Champaign Cty. Nursing Home v. Tompkins*, 10th Dist. No. 98AP-255, 2003-Ohio-1706, ¶ 34, 46 (as the plaintiffs "had an [administrative] appeal" pending when they filed the action for declaratory judgment, the declaratory judgment action was an attempt to "bypass, rather than supplement" the legislative scheme applicable to Medicaid reimbursement); *Dept. of Job & Family Servs. v. Lifeway for Youth, Inc.,* 173 Ohio App.3d 648, 2007-Ohio-6183, ¶ 7 (10th Dist.) (trial court lacked jurisdiction to enjoin ODJFS from continuing with its own statutory proceedings); *Gelesh* at ¶ 26. Accordingly, if the subject of appellants' declaratory judgment action is a matter related to its pending administrative proceeding, the declaratory judgment action is an improper attempt to bypass the statutory proceedings, and the trial court lacks jurisdiction to hear the case.

{¶ 16} Though appellants acknowledge they were participating in the administrative process at the time they sought declaratory judgment, they argue that the subject of the declaratory judgment was not a matter related to their pending administrative proceeding. More specifically, appellants assert they could not have brought a facial constitutional challenge to Rule 80 in the administrative proceedings before the Liquor Control

Commission. *See, e.g., DHSC, LLC v. Dept. of Job & Family Servs.*, 10th Dist. No. 11AP-424, 2012-Ohio-1014, ¶ 38 (noting an administrative agency, such as ODJFS or the Board of Tax Appeals, has no authority to determine the constitutionality of statutes, and instead must apply statutes as they exist). We note that appellees dispute whether the nature of the constitutional challenge to Rule 80 was a facial constitutional challenge or an as-applied constitutional challenge. However, regardless of whether we construe appellants' claim for declaratory judgment as asserting a facial constitutional challenge or an as-applied constitutional challenge, we are mindful that although an administrative agency, itself, cannot determine the constitutionality of a rule or statute, those constitutional questions are indeed appropriate for the courts during an administrative appeal process set forth in R.C. Chapter 119.

{¶ 17} "The Supreme Court of Ohio has held that an appellant may raise a facial constitutional challenge in an administrative appeal even where the appellant did not raise that challenge before the commission or agency." *State ex rel. Kingsley v. State Emp. Relations Bd.*, 09AP-1085, 2011-Ohio-428, ¶ 18, citing *Reading v. Pub. Util. Comm. of Ohio*, 109 Ohio St.3d 193, 2006-Ohio-2181, ¶ 15-16, and *Derakhshan v. State Med. Bd. of Ohio*, 10th Dist. No. 07AP-261, 2007-Ohio-5802 (permitting an appellant to raise, on appeal from the medical board's decision, a facial constitutional challenge to the statute upon which the medical board relied to revoke his medical license). Additionally, a court in an administrative appeal may consider an as-applied constitutional challenge, though "when a litigant challenges the constitutionality of a statute as applied to a specific set of facts, extrinsic facts are needed, and the litigant must raise the as-applied challenge, in the first instance, before the administrative agency to allow the parties to develop an evidentiary record." *Kingsley* at ¶ 18, citing *Reading* at ¶ 15-16. Under either framework, therefore, appellants could have raised their arguments about the constitutionality of Rule 80 during the administrative appeal process under R.C. Chapter 119. Thus, appellants' argument that they could not have challenged the constitutionality of Rule 80 in the administrative proceedings lacks merit.

{¶ 18} Additionally, appellants argue that even if they could have brought a constitutional challenge during the administrative proceedings, they were not required to do so. Therefore, appellants assert their action for declaratory judgment may exist

independently of the administrative appeal process. We agree with appellants, generally, that actions for declaratory judgments related to the constitutionality of administrative rules and statutes related to administrative proceedings may be appropriate for declaratory relief under certain circumstances. *See, e.g., Sterling Drug, Inc. v. Wickham*, 63 Ohio St.2d 16 (1980) (pharmaceutical company filed declaratory judgment action seeking a declaration that a newly promulgated administrative rule was invalid); *One Energy Ents.* at ¶ 43-54 (declaratory judgment was appropriate because, even though there existed a special statutory proceeding for seeking a permit under the Ohio Airport Protection Act ("OAPA"), there was no special statutory proceeding in which a party may ask the Ohio Department of Transportation, outside of the permitting process, to determine whether the OAPA applies to a particular structure; additionally, plaintiffs had not yet sought the permit and were not already engaged in the administrative process, so their declaratory judgment action would supplement, rather than bypass, the special statutory proceeding contained in the OAPA). What appellants continue to ignore, however, is that they filed their action for declaratory judgment well after Rule 80's implementation, after they had received citations for violating Rule 80, and after they were already engaged in the administrative appeal process. Thus, while an independent declaratory judgment action may be appropriate in certain circumstances, the facts here demonstrate the declaratory judgment action improperly sought to bypass the administrative appeal process.

{¶ 19} Here, appellants were already participating in the administrative appeal process related to the revocation of Highland Tavern's liquor permit when they brought their declaratory judgment action.[2] Despite appellants' attempts to differentiate the matter in their declaratory judgment action from the subject of their administrative proceedings, we agree with the trial court that appellants' declaratory judgment action improperly seeks to bypass the special statutory proceeding governing the revocation of liquor permits. Accordingly, the trial court did not err in concluding it does not have jurisdiction. *One Energy Ents.* at ¶ 49.

---

[2] We note that, during the pendency of this appeal, the trial court issued a September 24, 2021 decision and final judgment in Franklin C.P. No. 20CV-6447 affirming the order of the Liquor Control Commission and its revocation of Highland Tavern's liquor permit. For purposes of this case, the relevant fact is that appellants were already engaged in the administrative proceeding at the time appellants initiated their action for declaratory judgment.

{¶ 20} As the trial court did not err in granting appellees' Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction, we overrule appellants' second assignment of error.

## IV.  First Assignment of Error – Dismissal Pursuant to Civ.R. 12(B)(6)

{¶ 21} In their first assignment of error, appellants argue the trial court erred in granting appellees Civ.R. 12(B)(6) motion to dismiss for failure to state a claim.  Having already determined in our resolution of appellants' second assignment of error that the trial court properly dismissed the action pursuant to Civ.R. 12(B)(1), this assignment of error is moot and we need not address it.

## V.  Disposition

{¶ 22} Based on the foregoing reasons, the trial court did not err in granting appellees' Civ.R. 12(B)(1) motion to dismiss as appellants' action for declaratory judgment was an improper attempt to bypass a special statutory proceeding.  Having overruled appellants' second assignment of error, which rendered moot appellants' first assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN, P.J., and JAMISON, J., concur.