[Cite as *Tyack v. Mobley*, 2023-Ohio-3227.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

G. Gary Tyack, Prosecuting Attorney     :
Franklin County, Ohio,

                                :

         Plaintiff-Appellee,           :              No. 23AP-72
                                          (C.P.C. No. 21CV-2747)
                                   :
v.

                                   :        (ACCELERATED CALENDAR)

Alphonso-Dwayne Mobley, Jr.,

                                   :

         Defendant-Appellant.        :

                                   :

---

D E C I S I O N

Rendered on September 12, 2023

---

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Thomas Ellis*, for appellee.

**On brief:** *Alphonso-Dwayne Mobley*, *Jr.*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

PER CURIAM.

{¶ 1} Defendant-appellant, Alphonso-Dwayne Mobley, Jr., an inmate in the custody of the Ohio Department of Rehabilitation and Correction, appeals pro se from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, Franklin County Prosecuting Attorney G. Gary Tyack. The judgment declared appellant to be a vexatious litigator, pursuant to R.C. 2323.52, imposed a preliminary injunction against appellant under Civ.R. 65, and imposed filing limitations on him in future litigation. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2}   This appeal involves a vexatious litigator action arising from an underlying criminal case in the Franklin County Court of Common Pleas, case No. 16CR-2061.  In that case, appellant was charged in a six-count indictment which included one count of aggravated arson in violation of R.C. 2909.02, and one count of criminal use of an explosive device in violation of R.C. 2909.27; each count carried a firearm specification.  On May 1, 2017, appellant entered a counseled guilty plea to aggravated arson with a firearm specification and criminal use of an explosive device; the trial court imposed the parties' jointly recommended aggregate prison sentence of 14 years and ordered the firearm used in the crime to be confiscated and destroyed.  Appellant did not appeal the May 1, 2017 judgment.

{¶ 3}   Following his conviction, appellant filed numerous pro se pleadings, motions, and appeals related to the conviction.  On May 3, 2021, appellee filed a civil complaint requesting the trial court declare appellant a vexatious litigator pursuant to R.C. 2323.52.  Appellee alleged appellant had habitually, persistently, and without reasonable grounds filed post-conviction civil actions, motions, and appeals collaterally attacking his criminal conviction.  Appellee supported this claim with a detailed account of appellant's pro se post-conviction filings and their dispositions.

{¶ 4}   Appellant filed an answer and counterclaim on May 14, 2021.  In his answer, appellant admitted he had filed numerous post-conviction civil actions, motions, and appeals collaterally attacking his conviction; however, he denied these actions were without reasonable grounds.  In his counterclaim, appellant alleged that appellee failed to include certain information regarding his appellate rights in the plea agreement and failed to inform the trial court of this transgression; accordingly, appellee had contributed to the vexatious litigator claim against appellant by preventing him from effectively litigating his claim.  As relief, appellant sought withdrawal and/or vacation of his guilty plea and denial of appellee's vexatious litigator complaint.

{¶ 5}   On June 9, 2021, appellee filed an amended motion to dismiss appellant's counterclaim, pursuant to Civ.R. 12(B)(6), on grounds of prosecutorial immunity.  Appellant filed two separate responses to appellee's amended motion to dismiss.

{¶ 6}   On December 27, 2021, appellee filed a motion for summary judgment pursuant to Civ.R. 56.  Therein, appellee averred appellant's numerous post-conviction filings raised the same claim that had already been adjudicated and was now barred by res judicata.  Appellee

argued appellant's continuous assertion of the same meritless argument established that appellant should be declared a vexatious litigator. In support of its summary judgment motion, appellee attached 30 exhibits. (Ex. A1-A6, B1-B4, C1-C6, D1-D4, E1-E3, F1-F2, G1-G2, H1-H2, & I.) These exhibits included the filings related to the underlying criminal matter and the related appeals.

{¶ 7} Appellant did not file a response to appellee's motion for summary judgment. Instead, on May 3, 2022, appellant filed three documents. The first was a motion for leave to amend his counterclaim pursuant to Civ.R. 15(A) in order to supplement the relief requested therein. Appellant's basis for supplementing was that there had been a change in federal case law which acted as a bar to his request to withdraw and/or vacate his guilty plea. Appellant sought relief in the form of an injunction ordering the trial court to re-enter the judgment of conviction, which, according to appellant, would result in reinstating the time within which he could file a timely notice of appeal under App.R. 4(A) and/or an injunction ordering appellee to recommend that action to the trial court. The second document was a pretrial statement setting forth the legal issues involved in the case, appellant's position on the issues, and his list of expected witnesses and exhibits to be offered at trial. The third document was a Civ.R. 42 motion to consolidate the case with another case appellant filed in the trial court; appellant alleged the two cases involved common questions of law or fact pertaining directly to his counterclaim.[1] On May 17, 2022, appellee filed memoranda opposing appellant's Civ.R. 15 and 42 motions.

{¶ 8} On August 24, 2022, appellant filed a Civ.R. 15 motion for leave to amend his counterclaim that was nearly identical to the motion filed on May 3, 2022. That same day, appellant filed a reply to appellee's May 17, 2022 memorandum in opposition to his original motion to amend. On September 1, 2022, appellee filed a memorandum in opposition to appellant's August 24, 2022 motion for leave to amend and a separate motion to strike appellant's August 24, 2022 reply as untimely.

{¶ 9} On January 20, 2023, the trial court issued a decision and judgment entry granting appellee's motion for summary judgment and declaring appellant a vexatious litigator. The court initially noted that although appellant had filed numerous motions after appellee filed the motion for summary judgment, none addressed the issues raised in

---

[1] The case appellant sought to consolidate is attached to appellee's motion for summary judgment as exhibit I.

appellee's summary judgment motion. The court also noted appellant had filed at least 15 separate post-conviction motions, most of which raised the same claim.

{¶ 10} Following recitation of the statutory and decisional law applicable to a vexatious litigator claim, the trial court found that appellant's filings had a harassing and injurious effect on appellee and the judicial system, citing particularly the costs borne by the state of Ohio and efforts expended by appellee in defending against each of appellant's filings. The court determined, upon consideration of the evidence before it, that no genuine issues of material fact existed regarding appellant's "habitually persistent litigious behavior." (Jan. 20, 2023 Decision & Entry at 8.) Accordingly, the trial court concluded appellant had engaged in vexatious conduct as defined in R.C. 2323.52(A)(2)(a) through (c) and therefore a vexatious litigator designation was appropriate under R.C. 2323.52(A)(3).

{¶ 11} In accordance with R.C. 2323.52(D)(1), the court ordered that appellant was prohibited from: (1) instituting any litigation, continuing any litigation or making an application in any litigation in any Ohio court or subdivisions without first obtaining leave from the trial court, and (2) continuing any legal proceedings he had instituted in any Ohio court without first obtaining leave from the trial court. The court granted appellee's request for a preliminary injunction under Civ.R. 65, which precluded appellant from instituting, continuing or making any application in any litigation in any Ohio court without first obtaining leave from the trial court. Pursuant to R.C. 2323.52(H), the court further ordered the clerk of the common pleas court to send a certified copy of the court's order to the Supreme Court of Ohio.

{¶ 12} The court further found that its ruling rendered all pending motions moot. The court did not address appellant's counterclaim and did not include in the judgment entry any language referenced in Civ.R. 54(B) pertaining to a determination that there is no just reason for delay.

## II. Assignment of Error

{¶ 13} Appellant appeals and assigns the following single assignment of error for our review:

> The trial court erred as a matter of law when it granted Appellee's summary judgment declaring Appellant a vexatious-litigator [sic], denying Appellant due process of law.

### III. Discussion[2]

{¶ 14} We begin by addressing appellant's single assignment of error wherein he argues the trial court erred as a matter of law in granting appellee's summary judgment motion and declaring him to be a vexatious litigator pursuant to R.C. 2323.52.

{¶ 15} "Summary judgment is an appropriate means of resolving a vexatious litigator complaint." *Prime Equip. Group, Inc. v. Schmidt*, 10th Dist. No. 15AP-584, 2016-Ohio-3472, ¶ 11. An appellate court reviews a grant of summary judgment under a de novo standard. *Capella III L.L.C. v. Wilcox,* 190 Ohio App.3d 133, 2010-Ohio-4746, ¶ 16 (10th Dist.), citing *Anderson v. Highland House Co.*, 93 Ohio St.3d 547, 548 (2001). "[D]e novo appellate review means that the court of appeals independently reviews the record and affords no deference to the trial court's decision." (Internal quotations and citations omitted.) *Holt v. State*, 10th

---

[2] As a threshold matter, because the trial court's judgment entry did not contain Civ.R. 54(B) language, we sua sponte consider whether it is a final, appealable order. On this question, we find this case to be similar to *Cent. Ohio Transit Auth. v. Timson*, 132 Ohio App.3d 41 (10th Dist.1998). In *Cent. Ohio Transit Auth.*, the Central Ohio Transit Authority ("COTA") filed a complaint seeking an order declaring Timson a vexatious litigator. *Id.* at 45. Timson filed an answer, a counterclaim and a motion to dismiss. The counterclaim alleged negligence and intentional infliction of "mental anguish." *Id.* COTA filed an answer to the counterclaim asserting as one defense that Timson was a vexatious litigator. *Id.* at 46. COTA subsequently filed a motion for summary judgment addressing only its vexatious litigator claim; indeed, COTA contended it was undisputed that Timson was a vexatious litigator. *Id.* at 45-46. The trial court concluded Timson was a vexatious litigator and granted Timson's motion for summary judgment without addressing Timson's counterclaim and without including in its judgment Civ.R. 54(B) language stating there was no just reason for delay. *Id.* at 46. On appeal, this court sua sponte addressed whether there existed a final, appealable order. *Id.* We held that "[d]espite the trial court's failure to include the Civ.R. 54(B) language, * * * there exists a final, appealable order." *Id.* In so holding, we relied on Supreme Court precedent in *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 21 (1989), and reasoned that even though all the claims were not expressly adjudicated by the trial court, if the effect of the judgment was to render moot the remaining claim(s), then compliance with Civ.R. 54(B) was not required to make the judgment final and appealable. *Id.* Applying *Gen. Acc. Ins.* to the case before us, we stated:

> Here, the trial court granted [COTA's] motion for summary judgment, finding [Timson] was a vexatious litigator and ordering him not to continue any legal proceedings he had instituted. Because [Timson] had instituted the negligence claim against [COTA] and had been declared a vexatious litigator, he could no longer continue such proceeding. Hence, the effect of the trial court's adjudication under [COTA's] R.C. 2323.52 claim was to render moot [Timson's] counterclaim.

*Cent. Ohio Transit Auth.* at 46-47. In the case before us, as in *Timson*, the trial court granted appellee's motion for summary judgment finding appellant was a vexatious litigator and ordering him not to continue any legal proceedings he had instituted. Because appellant had filed a counterclaim against appellee and had been declared a vexatious litigator, he could no longer continue such proceeding. Thus, the effect of the trial court's adjudication under appellee's R.C. 2323.52 claim was to render moot appellant's counterclaim. Accordingly, we conclude the trial court's judgment entry is a final, appealable order.

Dist. No. 10AP-214, 2010-Ohio-6529, ¶ 9. Summary judgment is appropriate only when the moving party demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997). In ruling on a motion for summary judgment, the court must resolve all doubts and construe the evidence in favor of the non-moving party. *Premiere Radio Networks, Inc. v. Sandblast, L.P.*, 10th Dist. No. 18AP-736, 2019-Ohio-4015, ¶ 6, citing *Pilz v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 04AP-240, 2004-Ohio-4040, ¶ 8.

{¶ 16} Pursuant to Civ.R. 56(C), the party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). If the moving party fails to satisfy the initial burden, the court must deny the motion for summary judgment; however, if the moving party satisfies the initial burden, summary judgment is appropriate, unless the non-moving party responds, by affidavit or otherwise as provided under Civ.R. 56, with specific facts demonstrating a genuine issue exists for trial. *Id.*; *Hall v. Ohio State Univ. College of Humanities*, 10th Dist. No. 11AP-1068, 2012-Ohio-5036, ¶ 12, citing *Henkle v. Henkle*, 75 Ohio App.3d 732, 735 (12th Dist.1991).

{¶ 17} R.C. 2323.52, Ohio's vexatious litigator statute, was enacted to " 'prevent abuse of the system by those persons who persistently and habitually file lawsuits without reasonable grounds and/or otherwise engage in frivolous conduct in the trial courts of this state. Such conduct clogs the court dockets, results in increased costs, and oftentimes is a waste of judicial resources - - resources that are supported by the taxpayers of this state. The unreasonable burden placed upon courts by such baseless litigation prevents the speedy consideration of proper litigation.' " *Mayer v. Bristow*, 91 Ohio St.3d 3, 13 (2000), quoting *Cent. Ohio Transit Auth.* at 50.

{¶ 18} Under R.C. 2323.52(B), a prosecuting attorney "who has defended against habitual and persistent vexatious conduct in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court may commence a civil action in a court of common pleas with jurisdiction over the person who allegedly engaged in the habitual and persistent vexatious conduct to have that person declared a vexatious litigator."

{¶ 19} Pursuant to R.C. 2323.52(A)(3), a "vexatious litigator" is "any person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court, whether the person or another person instituted the civil action or actions, and whether the vexatious conduct was against the same party or against different parties in the civil action or actions." "Vexatious conduct" is conduct of a party in a civil action that: (1) obviously serves merely to harass or maliciously injure another party to the civil action, or (2) is not warranted under existing law and cannot be supported by a good-faith argument for an extension, modification or reversal of existing law, or (3) is imposed solely for delay. R.C. 2323.52(A)(2)(a) through (c). The term "conduct" includes "[t]he filing by an inmate of a civil action or appeal against a government entity or employee, the assertion of a claim, defense or other position in connection with a civil action of that nature or the assertion of issues of law in an appeal of that nature, or the taking of any other action in connection with a civil action or appeal of that nature." R.C. 2323.52(A)(1); 2323.51(A)(1)(b).

{¶ 20} " 'It is the nature of the conduct, not the number of actions that determines whether a person is a "vexatious litigator." ' " *Prime Equip.* at ¶ 40, quoting *Borger v. McErlane*, 1st Dist. No. C-010262 (Dec. 14, 2001). "Whether undertaken in an array of cases or in a single action, the consistent repetition of arguments and legal theories that have been rejected by the court numerous times can constitute vexatious litigation." *Id.*, citing *Farley v. Farley*, 10th Dist. No. 02AP-1046, 2003-Ohio-3185, ¶ 46.

{¶ 21} Review of the attachments to appellee's summary judgment motion reveals that since May 2017, appellant has filed numerous pleadings, motions, and appeals related to his criminal conviction. In February 2018, appellant filed an R.C. 2953.21 petition for post-conviction relief alleging his trial counsel was ineffective for failing to challenge the indictment as being unconstitutionally vague. (Ex. A-1.) In March 2018, appellant moved for summary judgment on the petition and filed several amendments thereto without obtaining leave of court or agreement from the state. (Ex. A-2, A-3, A-4, A-5.) In June 2018, the trial court denied the petition and motion for summary judgment, finding appellant's claims meritless, barred by res judicata, and procedurally improper. (Ex. A-6.) In September 2018, appellant filed a motion for resentencing, which was denied by the trial court in November 2018 on grounds that appellant's arguments were without merit and barred by res judicata. (Ex. B-1,

B-2.) Appellant's appeal to this court from the trial court's decision denying the motion for resentencing was dismissed due to appellant's failure to timely file a brief. (Ex. B-3, B-4.)

{¶ 22} In May 2019, appellant filed a complaint for declaratory and injunctive relief against the trial judge who presided over his criminal case, the former prosecuting attorney, the assistant prosecutors assigned to his case, and the public defender who represented him. (Ex. C-1.) In June 2019, the trial court granted the defendants' motion to dismiss on grounds the complaint was an improper substitute for an appeal or an impermissible collateral attack on his criminal conviction. (Ex. C-2.) In July 2019, appellant filed a Civ.R. 60(B) motion for relief from the June 2019 judgment; the trial court denied the motion for failing to set forth grounds for relief under Civ.R. 60(B) and improperly attempting to use Civ.R. 60(B) as a substitute for an appeal. (Ex. C-3, C-4.) Appellant appealed, and we affirmed the trial court's judgment in February 2020. (Ex. C-5.) In July 2020, appellant appealed to the Supreme Court, which declined to accept jurisdiction and denied appellant's motion for reconsideration. (Ex. C-6.)

{¶ 23} In April 2020, appellant filed in this court a complaint for writs of procedendo and mandamus to compel the trial judge in his criminal case to issue a final judgment and findings of fact and conclusions of law on his February 2018 petition for post-conviction relief. (Ex. D-1.) In March 2021, this court dismissed the action as moot on the basis the trial court had issued a final, appealable order in June 2018. (Ex. D-2.) In March 2021, appellant filed in this court a motion requesting an evidentiary hearing on the procedendo/mandamus matter; we struck the motion on grounds that it was improperly filed after the original action was finally determined and dismissed. (Ex. D-4.)

{¶ 24} In December 2020, appellant filed in the trial court a motion for leave to amend his petition for post-conviction relief or to file a successive petition. (Ex. E-1.) In January 2021, he filed a Civ.R. 60(B)(5) motion for relief from the judgment in his criminal case on grounds of fraud on the court. (Ex. E-2.) In March 2021, the trial court denied appellant's December 2020 and January 2021 motions on the basis that the claims raised in those filings failed on the merits and were barred by res judicata. (Ex. E-3.)[3]

---

[3] It appears that appellee may have inadvertently failed to attached exhibit E-1 to the motion for summary judgment. However, the trial court's March 2021 judgment entry, which is attached to the motion for summary judgment as exhibit E-3, specifically references the December 2020 motion.

**{¶ 25}** In March 2021, appellant instituted in the trial court another declaratory judgment action against the trial judge and former county prosecutor in his criminal case. (Ex. F-1.) Following the filing of several motions by appellee related to the declaratory judgment action, the trial court issued a decision and entry in June 2021 denying all of appellant's motions and dismissing the action in its entirety on grounds that the complaint constituted an impermissible collateral attack on his criminal conviction. (Ex. F-2.) In March 2022, this court affirmed the trial court's judgment; in April 2022, we denied appellant's application for en banc consideration.[4]

**{¶ 26}** On April 21, 2021, appellant filed in the Supreme Court a mandamus action against the trial judge in his criminal case alleging the judge failed to provide him notice that the June 2018 judgment denying his February 2018 petition for post-conviction relief was final. (Ex. G-1.) On April 22, 2021, appellant filed a separate mandamus action in the Supreme Court against the trial judge in his criminal case, the current county prosecuting attorney, several former and current members of this court, and the state and county public defenders, alleging an error in this guilty plea proceeding and ineffective assistance of trial counsel. (Ex. H-1.) On motions to dismiss filed by the respondents in both actions, the Supreme Court dismissed both causes. (Ex. G-2, H-2.)[5]

**{¶ 27}** In September 2021, appellant filed in the trial court a declaratory judgment action against the current county prosecuting attorney and the trial judge in his criminal case alleging irregularities in the plea and sentencing proceedings. (Ex. I.) In September 2022, the trial court filed a decision and entry granting the defendants' motion to dismiss on grounds that appellant failed to comply with R.C. 2969.25.[6]

---

[4] We note that this court's rulings were not attached to appellee's motion for summary judgment because they were issued after appellee filed the motion. As such, they are not included in the certified record before the court on appeal. However, we may take judicial notice of judicial opinions and public records accessible from the internet. *State ex rel. Everett v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8.

[5] Although filings in the Supreme Court may not be the predicate action for declaring a person a vexatious litigator, they do have evidentiary relevance in determining whether the person's conduct served merely to harass or maliciously injured another party pursuant to R.C. 2323.52(A)(2)(a). *Ferrero v. Staats*, 5th Dist. No. 2018CA00016, 2018-Ohio-3235, ¶ 8. It is not clear from the trial court's judgment whether the trial court considered appellant's filings in the Supreme Court in finding appellant a vexatious litigator; however, no error would result from such consideration, as numerous filings in the trial court and this court served as the predicate for the vexatious litigator finding.

[6] The trial court's decision and entry is not attached to appellee's motion for summary judgment because it was issued after appellee filed the motion. Accordingly, the decision and entry is not part of the certified record on appeal. However, we may take judicial notice of the decision and entry, as it is publicly available on the internet. *McIntosh* at ¶ 8.

**{¶ 28}** In his sole assignment of error, appellant does not argue the trial court erred in concluding that no genuine issues of material fact remain to be litigated on appellee's vexatious litigator claim. As noted above, appellant failed to submit any evidence to sustain his reciprocal burden under Civ.R. 56(E) to set forth specific facts showing there was a genuine issue for trial. Appellant did not challenge any of the attachments to appellee's motion for summary judgment, nor did he dispute that those attachments demonstrate he asserted the same or similar arguments, and that such arguments had repeatedly been rejected by the trial court and this court.

**{¶ 29}** Rather, appellant contends the trial court erred as a matter of law in declaring him a vexatious litigator. Specifically, appellant contends he cannot be designated a vexatious litigator because such declaration "bypass[es] the special statutory proceeding for inmates under R.C. 2969.25." (Appellant's Brief at 11.) R.C. 2969.25(A) provides:

> At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
>
> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

**{¶ 30}** Appellant appears to contend that, as reflected in the affidavits he has filed in accordance with R.C. 2969.25(A) in his numerous civil actions and appeals, none of those civil

actions or appeals have been dismissed pursuant to R.C. 2969.24(A)(2)[7] on grounds the claims that were the basis for the civil actions or the issues of law that were the basis of the appeals were frivolous or malicious. Accordingly, argues appellant, because appellee did not avail himself of the opportunity to file a motion to dismiss under R.C. 2969.24(A)(2), the doctrine of res judicata prevented him from filing a complaint seeking a declaration pursuant to R.C. 2323.52 that his civil filings have been habitually and persistently vexatious.

{¶ 31} Preliminarily, we note this issue was not properly raised in the trial court by way of answer or in opposition to summary judgment and is therefore waived on appeal. "It is well-settled that a litigant's failure to raise an issue before the trial court waives the litigant's right to raise that issue on appeal." *Gentile v. Ristas*, 160 Ohio App.3d 765, 2005-Ohio-2197, ¶ 74 (10th Dist.), citing *Estate of Hood v. Rose*, 153 Ohio App.3d 199, 2003-Ohio-3268, ¶ 10 (4th Dist.). " ' "More specifically, a party who does not respond to an adverse party's motion for summary judgment may not raise issues on appeal that should have been raised in response to the motion for summary judgment." ' " *Id.*, quoting *Rose* at ¶ 8, quoting *Haas v. Indus. Comm.*, 10th Dist. No. 99AP-475 (Dec. 21, 1999). Accordingly, we decline to address appellant's belated argument.

{¶ 32} Moreover, even if we were inclined to address the argument, we note appellant has not directed this court to any legal authority supporting the specific issue he raises in his assignment of error. " 'Pursuant to App.R. 16(A)(7), an appellant must present his or her contentions with respect to each assignment of error presented for review and the reasons in support of those contentions, including citations to legal authorities.' " *Isreal v. Franklin Cty. Commrs.*, 10th Dist. No. 21AP-131, 2022-Ohio-1825, ¶ 16, quoting *Lundeen v. State Med. Bd. of Ohio*, 10th Dist. No. 12AP-629, 2013-Ohio-112, ¶ 16. "App.R. 12(A)(2) permits this court to disregard an assignment of error if an appellant fails to cite to any legal authority in support of an argument as required by App.R. 16(A)(7)." *Id.* Appellant offers only a one-paragraph excerpt from this court's decision in *Highland Tavern, L.L.C. v. DeWine*, 10th Dist. No. 21AP-176, 2021-Ohio-4067, which discusses the inappropriateness of declaratory judgment actions where special statutory proceedings would be bypassed. *Id.* at ¶ 12. However, *Highland* does

---

[7] R.C. 2969.24(A) provides: "[i]f an inmate files a civil action or appeal against a government entity or employee, the court in which the action or appeal is filed, on its own motion or on the motion of a party, may dismiss the civil action or appeal at any stage in the proceedings if the court finds * * * (2) [t]he claim that is the basis of the civil action or the issues of law that are the basis of the appeal are frivolous or malicious."

not involve a vexatious litigator action under R.C. 2323.52 and does not discuss R.C. 2969.24 or 2969.25. Because appellant has failed to provide this court with any legal authority supporting the conclusion that the trial court erred as a matter of law in declaring him a vexatious litigator, we find no merit to the argument.

{¶ 33} Based on the evidence in the record, we find the trial court did not err in concluding there remained no genuine issues of material fact and that appellant engaged in vexatious conduct as defined in R.C. 2323.52(A)(2)(a) through (c), rendering a vexatious litigator designation appropriate under R.C. 2323.52(A)(3).

{¶ 34} For the foregoing reasons, we overrule appellant's single assignment of error.

## IV. Conclusion

{¶ 35} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas declaring appellant a vexatious litigator.

*Judgment affirmed.*

DORRIAN, LUPER SCHUSTER, and EDELSTEIN, JJ., concur.

———————————